# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CINDY J. KETCHER, | ) |
|           Plaintiff, | ) |
| v. | ) Case No. CIV-13-151-FHS-SPS |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) ) |
|           Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Cindy J. Ketcher requests review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful

work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on April 27, 1973, and was thirty-eight years old at the time of the administrative hearing (Tr. 27). She completed the twelfth grade and attended a year of vocational school, and has no past relevant work (Tr. 17, 120). The claimant alleges inability to work since March 1, 2010 due to problems with her feet, diabetes, and glaucoma (Tr. 119).

## Procedural History

On July 12, 2010, the claimant applied for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her application was denied. ALJ Charles Headrick conducted an administrative hearing and determined that the claimant was not disabled in a decision dated January 20, 2012 (Tr. 11-18). The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform the full range of medium work, *i. e.*, she could lift/carry twenty-five pounds frequently and fifty pounds occasionally, stand/walk/sit for six hours in an eight-hour workday, and that she had the unlimited ability to push and/or pull, other than the lift/carry restrictions (Tr. 13). The ALJ concluded that although the claimant had no past relevant work to return to, she was

nevertheless not disabled according to "the Grids," *i. e.*, Medical-Vocational Rule 203.28 (Tr. 17).

**Review**

The claimant contends that the ALJ erred: (i) by interpreting raw medical data to support his own conclusions, and (ii) by finding that she had the RFC to perform medium work. The undersigned Magistrate Judge finds that the ALJ did fail to properly evaluate the claimant's RFC, and the decision of the Commissioner should therefore be reversed.

The medical evidence reveals that the claimant was diagnosed with diabetes in March 2010, following admission to the hospital due to ketoacidosis (Tr. 190). Consultative examiner Dr. Wojciech L. Dulowski took the claimant's medical history, and conducted a physical exam. He found that she walked normally with good safety and stability and without any assistive devices, and that she had a normal range of motion. He assessed her with glaucoma and diabetes mellitus that was poorly controlled and with a history of ketoacidosis (Tr. 332-333). On November 1, 2010, a state reviewing physician found that the claimant could perform the full range of medium work (Tr. 335), which was affirmed upon review on January 24, 2011 (Tr. 379).

On January 5, 2011, the claimant presented at a walk-in clinic with complaints of left hip pain that radiated down her left leg for the past two months, of unknown origin, and continued to complain of the pain the following months (Tr. 385, 405, 415). A January 12, 2011 CT lumbar spine without contrast left the impression of degenerative facet arthropathy and disk disease most pronounced in the lower lumbar spine, as well as sacroiliac joint degenerative change with subchondral sclerosis and sacroiliac joint space

air demonstrated bilaterally; no fusion demonstrated (Tr. 425). An April 5, 2011 EMG was an abnormal study that revealed mild left L5/S1 radiculopathy without motor axonal loss (Tr. 380). That same month, a straight leg raising test was positive on the left (Tr. 432). The claimant began receiving treatment for pain management in July 2011, and she received a Toradol injection on July 8 (Tr. 428-429). She did not return for two months due to car problems, at which time they refilled her pain medications while she considered spinal injections (Tr. 440).

The claimant testified at the administrative hearing that the medical problem preventing her from working was her lower back pain, which caused both pain and numbness radiating down her left hip and leg to her foot, and which has progressively gotten worse (Tr. 29-30). She further testified that she believed her diabetes was fairly well under control, but that her main problem was the back/hip/leg pain (Tr. 36).

In his written opinion, the ALJ found that the claimant's sole severe impairment was diabetes mellitus, under control with medications, and that she also had the nonsevere impairment of obesity (Tr. 13). He summarized the claimant's testimony at both administrative hearings, as well as generally reviewing the medical evidence. The ALJ noted the claimant's admission to the hospital for ketoacidosis, and the consultative examination finding that the claimant had diabetes and glaucoma (Tr. 16). He favorably recited the state reviewing physician findings from November 2010 that the claimant could perform medium work, then summarized her complaints of back pain and subsequent treatment beginning January 2011 (Tr. 16). The ALJ stated that he had considered all the evidence in the record, even evidence "not specifically cited," and that

he had assigned "significant weight" to the state reviewing physician opinions (Tr. 17). He continued, discussing the claimant's complaints of back pain (which had been ignored at step two), "[W]hile the claimant does suffer from some back and radicular pain, she has just had medication therapy and has never undergone steroid injections or surgery. . . . Limiting her to medium work should reasonably be expected to limit aggravating her pain" (Tr. 17).

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) [internal citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). The pertinent factors include the following: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) [quotation marks omitted], *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). Here, the ALJ acknowledged the claimant's treatment for back and hip pain, but

dismissed it without even discussing whether it was a nonsevere impairment. He provided no reasons for failing to adopt related limitations, other than his own opinion (Tr. 17). This was error. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) *and Hamlin*, 365 F.3d at 1219. Furthermore, the ALJ failed to properly assess the combined effect of all the claimant's impairments – both severe and nonsevere – in assessing her RFC. *See Hill v. Astrue*, 289 Fed. Appx. 289, 292 (20th Cir. 2008) ("In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'") [emphasis in original]; *McFerran v. Astrue*, 437 Fed. Appx. 634, 638 (10th Cir. 2011) (unpublished opinion) ("[T]he ALJ made no findings on what, if any, work-related limitations resulted from Mr. McFerran's nonsevere mood disorder and chronic pain. He did not include any such limitations in either his RFC determination or his hypothetical question. Nor did he explain why he excluded them. In sum, we cannot conclude that the Commissioner applied the correct legal standards[.]").

The ALJ also failed to properly discuss substantial medical evidence that *supported* the claimant's testimony about the severity of her pain. She underwent pain management treatment, complained of pain often during her doctor visits, was taking pain medications regularly, and had been recommended for spinal steroid injections. "Although the ALJ need not discuss all of the evidence in the record, he may not ignore

evidence that does not support his decision, especially when that evidence is 'significantly probative.'" *Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001). Additionally, in assessing allegations of pain, an ALJ "must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a 'loose nexus' between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling." *Musgrave v. Sullivan*, 966 F.2d 1371, 1375-76 (10th Cir. 1992), *citing Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987). In this case, there is evidence that the claimant's radiculopathy and degenerative facet arthropathy and disk disease are pain-producing impairments, and the ALJ was therefore obliged to consider her allegations of pain as set out in *Musgrave*, and in combination with her other impairments. *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008) ("The ALJ's purported pain analysis is improper boilerplate because he merely recited the factors he was supposed to address and did not link his conclusions to the evidence or explain how Mrs. Carpenter's repeated attempts to find relief from pain, and all the drugs she has been prescribed for pain, resulted in a conclusion that she is unlimited in any regard by pain or the side effects from her pain medication.") [citations omitted].

Because the ALJ failed to properly evaluate medical evidence that was inconsistent with his RFC determination, the Court cannot find that he performed the proper analysis. *See, e. g., Drapeau*, 255 F.3d at 1214 (A reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan*,

933 F.2d 598, 603 (7th Cir. 1991). *See also Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) (noting that when determining a claimant's RFC, the ALJ "must 'consider all of the claimant's medically determinable impairments, singly and in combination; the statute and regulations require nothing less' and a failure to do so 'is reversible error.'") [unpublished opinion], *quoting Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). Additionally, the ALJ took on the role of physician when he made a finding without medical support that "limiting her to medium work should reasonably be expected to limit aggravating her pain" (Tr 17). *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996) ("The ALJ may not substitute his own opinion for that of claimant's doctor."), *citing Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 743 (10th Cir. 1993) *and Kemp v. Bowen*, 816 F. 2d 1469, 1475 (10th Cir. 1987). Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis in accordance with the appropriate standards. If such analysis results in adjustment to the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 10th day of September, 2014.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**